1
2
3
4
5                          IN THE UNITED STATES DISTRICT COURT
6                       FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   ANTHONY RAMOS,                        )
                                          )     No. C 07-0426 JSW (PR)
9              Petitioner,                )
                                          )     **ORDER DISMISSING PETITION**
10       v.                               )
                                          )
11  WARDEN SUBIA,                         )     (Docket No. 2)
                                          )
12             Respondent.                )
    _____ )
13

14      Petitioner, a prisoner of the State of California currently incarcerated at Mule
15  Creek State Prison in Ione, California, filed a petition for writ of habeas corpus pursuant
16  to 28 U.S.C. § 2254. The petition is directed to the use of excessive force by a
17  correctional officer at the Santa Clara County Jail. Petitioner has also filed a motion
18  seeking to proceed *in forma pauperis* (docket no. 2).

19      Petitioner's claims involve the conditions of his confinement and not the fact or
20  duration of his confinement, hence they are not the proper subject of a habeas action. *See*
21  *Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573,
22  574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of
23  confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming
24  dismissal of habeas petition on basis that challenges to terms and conditions of
    confinement must be brought in civil rights complaint).

25      The Supreme Court has declined to address whether a challenge to a condition of
26  confinement may be brought under habeas. *See Bell v. Wolfish*, 441 U.S. 520, 526 n.6
27  (1979); *Fierro v. Gomez*, 77 F.3d 301, 304 n.2 (9th Cir.), *vacated on other grounds*, 519
28  U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent,

and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Therefore, Petitioner's claims are properly brought under 42 U.S.C. § 1983.

A district court may construe a habeas petition attacking conditions of confinement as a civil rights action under 42 U.S.C. § 1983. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). However, although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from his or her prisoner account. In view of this, this case will be dismissed without prejudice to Petitioner filing a civil rights action if he wishes to do so in light of the above. As such, the Clerk shall terminate the pending motion as moot (docket no. 2), close the file and enter judgment.

IT IS SO ORDERED.

DATED: February 1, 2007

_____
JEFFREY S. WHITE
United States District Judge